UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| TREVOR AND RUBY BARRUS, | CASE NO. C11-618-RSM |
|---|---|
| Plaintiffs, | ORDER DENYING MOTION TO REMAND AND RESTRAIN FORECLOSURE SALE |
| v. | |
| RECONTRUST COMPANY, N.A. AND BAC HOME LOANS SERVICING, LP, AND JOHN DOE HOLDER, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiffs' Motion to Remand, Delay Response to Motion to Dismiss, and Restrain the June 24th Foreclosure Sale (Dkt. #7). On May 9, 2011, the parties stipulated to re-note Defendants' currently pending Motion to Dismiss (Dkt. #5) for the second Friday following the Court's rule on Plaintiffs' Motion to Remand. Dkt. #9. Accordingly, before the Court are Plaintiffs' motions for remand and for restraint of the foreclosure sale. For the reasons set forth below, both motions are DENIED.

## II. BACKGROUND

On or about December 15, 2007, Plaintiffs obtained a $286,750 loan secured by real property located at 7120 77th Drive Northeast, Marysville, Washington (the " Property"). In 2009, Plaintiffs sought a loan modification from Defendant BAC Home Loans ("BAC"), the assignee of beneficial interest in the Deed of Trust and servicer of Plaintiffs' home loan. Plaintiffs were allegedly told that a modification was not possible until they had defaulted for 90 days. Accordingly, Plaintiffs ceased payments and ultimately obtained a purported loan modification. Plaintiffs were told that if they were successful in making payments during the trial modification they would be approved for a final modification. However, Plaintiffs never received a final modification agreement. Instead, in October 2010, Defendant ReconTrust Company, N.A. ("ReconTrust"), as successor trustee, served Plaintiffs with a default notice. A trustee's sale was scheduled for March 25, 2011. The sale has since been continued to June 24, 2011.

Plaintiffs filed suit in Snohomish County Superior Court on March 16, 2011, asserting claims for rescission under the Truth in Lending Act ("TILA"), wrongful foreclosure, civil conspiracy, and breach of contract. Dkt. #2, Ex. 4. On April 11, 2011, Defendants removed the action to federal court based on 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction) and under the authority of 28 U.S.C.§§ 1441 and 1446. Plaintiffs now seek an order of remand, arguing (a) that state law issues predominate, so this Court should decline to exercise supplemental jurisdiction; (b) ReconTrust is not a proper trustee under the Deed of Trusts Act, RCW 61.24.030(6) and therefore lacks standing to foreclose or bring motions; and (c) the amount in controversy is less than $75,000, defeating diversity jurisdiction.

## III. DISCUSSION

**A. Standard for Removal**

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district … where such action is pending." 28 U.S.C. § 1441(a). The Court may remand a case to state court, on motion by either party and at any time before final judgment, when the court finds it lacks subject matter jurisdiction over the claims. 28 U.S.C. § 1447(c). Subject matter jurisdiction will be established when there is diversity of citizenship or if the claim arises under federal law. 28 U.S.C. § 1441(c).

The removing party bears the burden to prove that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992.) Removal based on diversity of citizenship jurisdiction requires establishing the parties' diverse citizenship and an amount in controversy exceeding $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). Removal based on federal question jurisdiction requires a showing that federal law "creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.* 463 U.S. 1, 27-28 (1983).

**B. Diversity Jurisdiction**

A district court shall have original jurisdiction over all civil actions wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332. Complete diversity is present because Plaintiffs are

citizens of Marysville, Washington; Defendant ReconTrust is a citizen of California; and Defendant BAC is a citizen of North Carolina.

Plaintiffs argue that if ReconTrust had an office and phone number in Washington, as required under the Washington Deed of Trust Act, RCW 61.24.030(6), it would be a citizen of Washington and complete diversity would not exist. This argument fails. First, a corporation's citizenship is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, a mere physical presence likely would not alter ReconTrust's citizenship for jurisdictional purposes. Second, in determining whether complete diversity exists, a court looks to the actual citizenship of a corporation, not its presumed citizenship had it complied with laws that go to the merits of the action. *Id. See also Toumajian v. Frailey*, 135 F.3d 648, 658 (9th Cir. 1998) ("Challenges to the court's power to rule must, of necessity, be determined before the court may rule on the merits."). Whether ReconTrust fulfilled the requirements of the Deed of Trust Act, and whether its compliance would have destroyed complete diversity, is therefore inapposite to the motion presently before the Court.

Plaintiffs also contend that complete diversity is destroyed because the Court cannot ascertain the citizenship of John Doe. Dkt. #10, p. 2. However, because "John Doe" is being sued under a fictitious name, his or her citizenship as it pertains to diversity is disregarded. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."). Similarly, the related argument that removal was improper because John Doe did not join in the removal is without merit. A party cannot defeat removal jurisdiction merely by suing an unknown party under a fictitious name. If and when the parties ascertain the identity of "John Doe Holder," and if Doe's citizenship destroys

complete diversity, Plaintiffs may file a motion for remand at that time. For the present purposes of this removal, complete diversity exists.

With respect to the second prong of federal diversity jurisdiction, Plaintiffs contend that the amount in controversy does not exceed $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc* ., 281 F.3d 837, 839 (9th Cir.2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). Here, Plaintiffs seek a declaration "canceling" the Deed of Trust that secures their home loan and an injunction of the upcoming foreclosure sale of their home. Dkt. #2-4, ¶3.4. The loan amount – the object of the litigation –is $286,750. *See Cohn,* 281 F.3d at 840. Accordingly, the amount in controversy is well over the $75,000 threshold.

Having found that there is complete diversity and the amount in controversy exceeds $75,000, the Court is satisfied that it has original jurisdiction over this action. Defendants' removal is proper. 28 U.S.C. § 1441.

## C. Subject Matter Jurisdiction

This Court also has subject matter jurisdiction over the action because Plaintiffs have pled claims for relief under the Truth in Lending Act, Reg. Z § 226, a "law… of the United Staes." *See* 28 U.S.C. § 1332. The Court cannot decline to exercise supplemental jurisdiction over Plaintiffs' state law claims where, as here, diversity exists as an independent basis for jurisdiction. 28 U.S.C. 1441. *See also BNSF Railway Co. v. O'Dea,* 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims.").

## D. Injunction

Plaintiffs seek a preliminary injunction of the pending foreclosure sale to preserve the status quo pending resolution of its action on the merits. Dkt. #7, p. 8. The Deed of Trust Act provides that any person who has an interest in property subject to a non-judicial foreclosure may seek to restrain, "on any proper legal or equitable ground, a trustee's sale." RCW 61.24.130(1). In federal court, "a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir.2009). In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1053 (9th Cir.2010) (internal quotation marks omitted).

Here, Plaintiffs do not provide any evidence or argument as to their likelihood of success on the merits, or any of the factors that the Court is required to consider in determining whether Plaintiffs are entitled to an injunction. Rather, Plaintiffs argue that "an injunction should be issued to preserve the status quo pending resolution of the merits." One party's desire to preserve the status quo is not a "proper legal or equitable ground" to restrain the trustee's sale. RCW 61.24.130(1). Plaintiff's motion to enjoin the sale is DENIED.

## E. Attorney's Fees

28 U.S.C. § 1447(c) permits "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when the court grants a motion for remand. Because the Court has denied Plaintiffs' motion for remand, attorney fees will not be awarded.

# IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion for Remand and Motion for Restraint of Sale (Dkt. #7) are DENIED.

(2) Defendants' Motion to Dismiss is hereby re-noted for Friday, June 17, 2011, in accordance with the parties' stipulation (Dkt. #9).

(3) The Clerk is directed to forward a copy of this order to all counsel of record.

Dated this 9th day of June 2011.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE